No. 25898

**The People of the State of Colorado v. Cecil Westfall**
(522 P.2d 100)

Decided May 13, 1974.                    Rehearing denied June 3, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

William E. Bohlender, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a conviction for theft, 1967 Perm. Supp., C.R.S. 1963, 40-5-2. Because the evidence did not prove the crime as charged, we reverse.

Defendant Westfall was charged in an information which alleged that he

"did commit the crime of theft by unlawfully and feloniously taking a *thing of value of Hubbard Rinearson* of the value of more than one hundred dollars ($100.00), namely, currency; * * *."

The facts at trial showed that Westfall was the promoter of a corporation called Gold Star, Inc. The principal business of Gold Star was to be a retail liquor store. Rinearson, the alleged victim, was approached by Westfall and agreed to invest $10,000 in the yet-to-be-formed corporation. The purpose to which the $10,000 was to be put was in dispute, but it is not disputable that in exchange for the $10,000 Rinearson received a promissory note secured by shares in the corporation. The stock was delivered to him and he was elected a vice-president of the corporation. The corporation obtained a liquor license but never opened for business. Rinearson's stock was virtually worthless. An information as set forth above was then filed against Westfall. He was tried by a jury, convicted and this appeal followed.

Westfall was charged and convicted of theft by taking a thing of value *from Hubbard Rinearson.* However, it is well settled that a shareholder in a corporation, once having obtained his stock, is only entitled to the profits in the corporation, not the divisible assets of the corporation. From this proposition it necessarily follows that Hubbard Rinearson's loss of the value of the stock, however attributable to Westfall, is not a theft of value from Rinearson. If there be a crime committed under these facts, it was a theft

from the corporation, not from Rinearson. The money which Westfall allegedly stole was the property of the corporation.

The judgment is reversed and the cause remanded to the trial court with directions to grant defendant's motion for judgment of acquittal.

MR. JUSTICE KELLEY dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.